**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JOB DANIEL GUERRA-FINOL,<br><br>Petitioner,<br><br>vs.<br><br>LINN COUNTY SHERIFF, et al.,<br><br>Respondents. | No. C26-153-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner Job Daniel Guerra-Finol's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 and motion (Doc. 2) for a temporary restraining order. Guerra-Finol is an alien being held in custody without a bond hearing as his removal proceedings are ongoing. *See* Doc. 1. In an initial review order (Doc. 3), I directed respondents (collectively, the Government)[1] to respond to the petition, which they have done (Doc. 8). Guerra-Final has replied (Doc. 15). Oral argument is not necessary. *See* Local Rule 7(c).

## *II. BACKGROUND*

Guerra-Finol is a Venezuelan national who arrived in the United States in December 2021 without having been admitted. Doc. 1 at 3; Doc. 11-1 at ¶ 13. Soon after he crossed the border into the United States, he was encountered by immigration officials who released him on an order of recognizance. Doc. 1 at 3; Doc. 11-1 at ¶ 15. He states that United States Citizenship and Immigration Services approved an

[1] Although the Government's response was filed only on behalf of the federal respondents and not the state employees (Doc. 8 at 1 n.1), this order will apply to all respondents with equal force.

Employment Authorization Document that is valid through July 13, 2030, and he has a Social Security number that is valid for work with Department of Homeland Security authorization. Doc. 1 at 3-4.

On June 27, 2026, Immigration and Customs Enforcement (ICE) agents arrested and detained Guerra-Finol while attempting to locate another individual. Doc. 11-1 at ¶ 16. He was issued and served a Notice to Appear and placed in removal proceedings. *Id.* at ¶ 17. He has been detained in the Linn County Jail pending his removal proceedings. *Id.* at ¶ 19. He filed his petition (Doc. 1) for writ of habeas corpus and motion (Doc. 2) for temporary restraining order on July 8, 2026.

## *III. STANDARD OF REVIEW*

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## *IV. ANALYSIS*

Respondents justify Guerra-Finol's civil detention without a bond hearing based on the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Eighth Circuit has found that similarly situated petitioners qualify under that provision. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Although *Avila* forecloses Guerra-Finol's statutory right to a bond hearing, it says nothing about the due process rights for those aliens subject to mandatory detention. *Id.* at 1140, n.8 (Erickson, J., dissenting). Even when facing removal proceedings, aliens still have due process rights. *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100–01 (1903). The issue is the extent of those rights.

Respondents recognize that I have previously held that procedural due process requires that an alien who has previously been released on his own recognizance or on

bond must receive a bond hearing to justify the alien's return to detention. *See,* e.g. *Filatau v. Mullin*, No. C26-143, 2026 WL 2140251 (N.D. Iowa July 24, 2026); *Ermekov v. Mullin*, No. C26-41, 2026 WL 1046766 (N.D. Iowa Apr. 17, 2026); *Singh v. Mullin*, No. C26-53, 2026 WL 1078710 (N.D. Iowa Apr. 20, 2026); *Singh v. Mullin*, No. 26-56, 2026 WL 1021846 (N.D. Iowa Apr. 15, 2026). Respondents continue to argue that the process provided by statute and removal proceedings satisfies due process and is consistent with *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), and *Demore v. Kim*, 538 U.S. 510 (2003). Nonetheless, they acknowledge that this case is not substantively distinct from the prior cases in which I have rejected that argument. *See* Doc. 8 at 4, n.2. Respondents make no other argument as to why Guerra-Finol's detention satisfies due process.

Guerra-Finol relies on the cases identified above, and others, to argue that his previous release grants him a liberty interest that entitles him to a pre-deprivation bond hearing, requiring immediate release. I have previously concluded that absent a change in circumstances, the petitioner, who had previously been released on his own recognizance, should be released on those same terms before he was detained. *See Trsikurishvili v. Noem*, No. C26-15, 2026 WL 594360, at *2 (N.D. Iowa Mar. 3, 2026). For the reasons stated in *Trsikurishvili* and the cases cited above, I find that due process requires Guerra-Finol's immediate release. Respondents are free to pursue Guerra-Finol's re-detention, but to do so they must provide him a pre-deprivation bond hearing at which they will bear the burden of proving by clear and convincing evidence that he is a danger to the community or flight risk, or that he has failed to comply with the terms of his release.

## *V. CONCLUSION*

For the reasons set forth herein:

1. Guerra-Finol's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **granted**.

2. Guerra-Finol's motion (Doc. 2) for a temporary restraining order is **denied as moot**.

3. Respondents are **ordered** to release Guerra-Finol immediately, subject to the conditions (if any) with which he was required to comply immediately prior to his re-detention.

4. If respondents wish to re-detain Guerra-Finol pending his removal proceedings, they must provide him with sufficient notice and a hearing before an immigration judge. At such a hearing, respondents will be required to prove by clear and convincing evidence that Guerra-Finol poses a flight risk or danger to the community.

**IT IS SO ORDERED** this 19th day of August, 2026.

Leonard T. Strand
United States District Judge